## McNEELY v. MAYOR AND BOARD OF ALDERMEN OF TOWN OF VIDALIA.

(District Court, W. D. Louisiana, Monroe Division.   December 5, 1924.)

No. 211.

Injunction ⬤ 136(2)—Ferry operator held entitled to temporary injunction restraining town from interfering with operation of ferry, docks, and landing pending hearing on merits.

Ferry operator, who had used landing at end of public street for over 20 years under "exclusive" franchise from town, and had bought property along river on both sides of street for several hundred feet, held entitled to temporary injunction prohibiting town from interfering with operation of his ferry, docks, and landing pending full hearing on merits.

Injunction modified and made permanent in 6 F.(2d) 21.

L. T. Kennedy, of Natchez, Miss., and Hugh Tullis, of Vidalia, La., for plaintiff.

G. P. Bullis, of Vidalia, and J. B. Brunini, of Vicksburg, Miss., for defendants.

DAWKINS, District Judge. The complainant has applied for a writ of injunction to prevent the town of Vidalia, La., from interfering with his operation of the public ferry from that town across the Mississippi river to the city of Natchez, Miss. The grounds of complaint are, in substance, as follows:

First, that the said municipalities have conspired to prevent him from conducting said ferry, and have passed ordinances requiring that their consent first be obtained for that purpose.

Second, that the town of Vidalia granted to the city of Natchez a franchise from the Louisiana shore which the latter, in turn, had assigned, together with one granted by it from the Mississippi side, to the Royal Route Company, Limited, thereby attempting to give to said private corporation an exclusive right to operate a ferry at that point, and penalizing any one else who might so do without their consent, "with the distinct and avowed purpose of preventing complainant from engaging in said business."

Third, that the town of Vidalia had subsequently, on October 21, 1924, passed another ordinance requiring the removal of complainant's docks, boats, etc., from the landing heretofore used by him, and notified complainant that unless he complied therewith, he would be subjected to criminal prosecution. And

Fourth, that the acts of said municipality were void and without effect as an unwarranted attempt to interfere with interstate commerce.

The prayer was that the town be enjoined "from interfering in any manner whatsoever with your complainant in the conducting of his ferry business, and especially with the use of the various landings designated and referred to in the said ordinance of the town of Vidalia passed October 21, 1924," and pending hearing that a restraining order issue.

Thereupon the restraining order was issued pending hearing upon the application for a preliminary injunction.

The town of Vidalia and its officers alone were made parties defendant.

The matter came on for hearing at Monroe, La., on November 1st. Defendant admitted plaintiff had been operating the ferry, but averred that the same was at all times under its jurisdiction; that the boats and equipment were totally inadequate to meet the requirements of the public; and that the charges of the complainant were unjust and exorbitant, his manner and method of operating it wholly insufficient; and complainant having refused to meet the necessities of the situation when requested, it had acted in the interest of the public, as it had a right to do.

Defendant further admitted the execution of the contract or franchise dated September 2, 1902, alleged upon by complainant, but denied that it had the power to grant an exclusive one and, in addition, pleaded that the same had been rendered "null and void" by the failure of complainant to pay the yearly consideration therefor of $1,000 for the years 1923 and 1924. Other matters of litigation in the state court were alleged, not necessary to mention except to say that the respondent pleaded the course of complainant thereon as a bar to equitable relief in this court.

Defendant further averred that a ferry had been operated at the point in question since 1796, at all times under license from the state of Louisiana, and no question raised in regard thereto until the present contentions of plaintiff; and that the powers and duties of the state of Louisiana with regard to ferries had been expressly conferred upon and delegated to defendant. It admitted the granting of the franchise to the city of Natchez, as well as the passage of the other ordinance mentioned in the petition, and declared its intention to enforce the same, but denied that it had participated in a conspiracy for any purpose; that in view of the unreasonable and arbitrary conduct of complainant, including his refusal to supply the necessary facilities for the use by the public of the ferry, it became respondent's duty to provide the same in the manner which had been done in co-operation with the city of Natchez; that to properly insure said service by the grantee and its assignee, Royal Route Company, Limited, it was necessary that the franchise be protected from competition by others including complainant; and that it was entitled to an injunction against complainant to attain that result. It then denied that its course interfered with interstate commerce or would compel complainant "to cease doing a ferry business" (the latter somewhat inconsistent with its foregoing position).

Defendant prayed that the bill be dismissed and that the franchise of 1902 be declared void ab initio "and as annulled, terminated, and dissolved," and that complainant be forever enjoined from operating a ferry between the town of Vidalia and the city of Natchez, "without first obtaining a franchise or consent from defendant."

The issue was submitted upon the pleadings, exhibits, affidavits, and the oral testimony of witnesses; the situation disclosed thereby being substantially as follows:

On September 2, 1902, defendant granted to complainant a franchise for the operation of the ferry running until March 11, 1926, for an annual consideration of $1,000 to be paid in advance on September 11th of each year. The privilege was made exclusive, and defendant bound itself to "protect fully said rights." At the point where the ferry is operated, a public street runs down to the water's edge at right angles to the river. Subsequently to the granting of the franchise, complainant bought up the property fronting on the river for a distance of several hundred feet on either side of this street, which appears to be the only point at which passage over or through the levee is permitted. This was done evidently in the belief that he could thereby control conditions and prevent others from attempting to compete with him in the ferry business.

For reasons which it is unnecessary to consider for the purpose of this application, complainant and the town have been unable to agree upon how the ferry should be run, and by the proceedings complained of it appears that the town, in co-operation with the city of Natchez, in the state of Mississippi on the other side of the river, has determined to provide another ferry.

There are important questions both of law and fact to be determined in this case, and which in my opinion can best be done after a full hearing upon the merits, and I shall not attempt to decide them at this time. It is sufficient to say that I think the showing made justifies me in modifying the order heretofore issued by prohibiting the defendant from interfering with the operation of complainant of his ferry, docks, landings, etc., at any point on the bank of the Mississippi river south of a line beginning at a point at the water's edge, 50 feet south of the south line of Trinity street, leading from the town of Vidalia down to the river where the ferry is now operated, said line running thence parallel to the said south line of said street to the top of, over, and across the levee, with rights of ingress and egress to complainant and its patrons for the necessities of his ferry business across the intervening space in such manner as not to interfere with respondent or its assigns in operating ferries north of said line; otherwise defendant and its grantees or assigns are permitted to proceed with the operation and conduct of such ferry or ferries north of said line as it and they may deem proper.

And it is accordingly so ordered.